### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEIA MARSHALL and | ) | |
| ANNABEL MARTINEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-12-1104-HE |
| | ) | |
| TERRACOM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Plaintiffs Keia Marshall and Annabel Martinez filed this action against their former employers Terracom, Inc., Telesource a/k/a Telesource, LLC a/ka Telesource Mobile, LLC, Terrainsure Group, LLC, Yourtel America, Inc., Telephone Repair Service of Oklahoma, LLC, and Mextel Corporation, LLC d/b/a Lifetel, Inc. In Counts I and II they assert race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1991 and 42 U.S.C. § 1981. In Count III they assert gender discrimination and retaliation claims under Title VII and in Count IV they assert a whistle blowing claim under state law. Plaintiff Martinez also asserts claims under the Equal Pay Act ("EPA") (Count V) and the Fair Labor Standards Act ("FLSA") (Count VI). Defendants have filed a motion to dismiss all but plaintiff Martinez's FLSA overtime compensation claim.

When considering whether a plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). The question is whether the complaint contains

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must provide sufficient factual allegations to "raise a right to relief above the speculative level." *Id.* at 555. Considering the complaint under this standard, the court concludes defendants' motion should be granted.

Defendants assert plaintiffs have failed to allege they suffered an adverse employment action, which is required for them to establish their Title VII and § 1981 claims and for plaintiff Martinez to establish her FLSA retaliation claim. They argue that, while plaintiffs claim they were constructively discharged, the complaint does not include sufficient facts to demonstrate that quitting was plaintiffs' only option because their working conditions were so intolerable. The court agrees. See MacKenzie v. City & County of Denver, 414 F.3d 1266, 1281 (10th Cir. 2005) ("Constructive discharge occurs when an employer deliberately makes or allows the employee's working conditions to become so intolerable that the employee has no other choice but to quit."). Accepting all plaintiffs' allegations as true, plaintiffs have not pleaded enough facts to state a plausible claim for constructive discharge. Therefore, plaintiffs' claims in Counts I-III and plaintiff Martinez's retaliation claim in Count VI will be dismissed without prejudice.

Defendants rely on the same pleading deficiency – lack of factual allegations demonstrating a constructive discharge – to challenge plaintiff's Burk tort claim. They argue that plaintiffs' Burk claims fail because a Burk tort cannot be asserted in the absence of a discharge. They also contend plaintiffs fail to identify the public policy underlying the claims. Again the court agrees.

"Burk provides a tort remedy only for an employee's actual or constructive discharge."

Medlock v. United Parcel Serv., Inc., 608 F.3d 1185, 1198 n.10 (10th Cir. 2010).  In the absence of sufficiently pleaded claims of constructive discharge, plaintiffs' Burk torts must be dismissed.  Plaintiffs also neglected to identify the public policy underlying their Burk claims.  They admit they "did not identify the specific constitutional, statutory or other jurisprudential grounds giving rise to their whistleblowing claims," but assert their allegations are sufficient under Oklahoma pleading standards.  Plaintiffs' response, p. 11.  However, the complaint must satisfy the federal, not the state, pleading standard, which it does not do.  Plaintiffs' claims in Count IV also will be dismissed without prejudice.

Finally, defendants assert that plaintiff Martinez has failed to allege a violation of the EPA because the complaint does not include facts demonstrating that a male employee was paid more for performing a job that was substantially equal to her position.  As correctly noted by defendants, this claim, like most all plaintiffs' claims, suffers from insufficient factual detail.  Count V will be dismissed without prejudice.

Accordingly, plaintiffs' claims in Counts I-V and plaintiff Martinez's retaliation claim in Count VI are dismissed without prejudice.  Plaintiffs have requested and are **GRANTED** leave to amend.  They are directed to file an amended complaint by **February 5, 2013**, that corrects the pleading deficiencies identified in this order.  Plaintiffs are cautioned not to reassert a claim unless they can allege a sufficient factual basis, considering the legal requirements of the cause of action.

**IT IS SO ORDERED**.

Dated this 29th day of January, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE